UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANSLEY CARLSON on behalf of herself and those
similarly situated,
       Plaintiff,

-vs-                Case No. 2:08-cv-471-FtM-29SPC

LONDON BAY CONSTRUCTION, INC. a Florida
corporation doing business as London Bay Homes,
       Defendant.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This matter comes before the Court on the Joint Motion for Approval of Settlement (Doc. #51) filed on July 29, 2009. In an Order (Doc. #49) dated July 22, 2009, this Court ordered the parties to file the settlement documentation that included the copy of the settlement agreement signed by all parties and a copy of the Plaintiffs Counsel's billing records. The Joint Motion to Approve Settlement, including attachments Exhibit A and Exhibit B (Doc. #51) was timely filed. Therefore, the issue is now ripe for review.

  This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised

when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."

In the Joint Motion for Approval submitted by the Parties, (Doc. # 51), the Parties provide that the Plaintiff originally claimed $50,641.20 in overtime compensations over a three (3) year period. However, based upon the agreed method of calculation, the Plaintiff's damages would be approximately $7,936.50 in overtime compensation. The Defendant has agreed to pay a total settlement of $9, 500.00. The Plaintiff has agreed to accept $3, 600.00 to resolve her claim in full. Further, the Defendant has agreed to dismiss the counterclaims against Plaintiff.

Regarding the issue of attorney's fees, Plaintiff's Counsel will receive $5,900.00 in fees and costs. The parties stipulate this is a reasonable fee under the circumstances of this case. The parties have represented the settlement was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his/her attorney. Therefore, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion for Approval of Settlement (Doc. #51) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this __7th____ day of August, 2009.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record